IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:25CR634 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW MEYERS, | ) | |
| | ) | |
| Defendant. | ) | PRELIMINARY ORDER OF FORFEITURE |

The United States of America has filed a Motion for a Preliminary Order of Forfeiture in the above-captioned case.

1. On December 18, 2025, a five-count information was filed in this District against Defendant Andrew Meyers, charging him with federal drug-trafficking crimes, in violation of 18 U.S.C. § 841, and federal money-laundering offenses, in violation of 18 U.S.C. § 1957.

2. The Information further sought forfeiture, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the drug-trafficking violations; any and all property used or intended to be used, in any manner or part, to commit or facilitate the commission of the drug-trafficking violations, and all property, real or personal, involved in the money-laundering offenses, or any property traceable to such property, including, but not limited to:

   a. Real property located at 756 Saxon Avenue, Akron, Ohio 44314, Permanent Parcel Number: 67-44736 [titled to Deanna D. Bowen with the true owner being

ANDREW MEYERS]; and

b. Real property located at 1085 Jason Avenue, Akron, Ohio, Permanent Parcel Number: 67-58553 [titled to Deanna D. Bowen with the true owner being ANDREW MEYERS].

3. On January 22, 2026, at a change-of-plea hearing, Defendant Andrew Meyers entered into a plea agreement and pleaded guilty to the drug-trafficking violations charged in Counts 1, 2, and 3 of the Information, and to the federal money-laundering violations charged in Counts 5 and 6 of the Information and, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, agreed to the forfeiture of the following, as they were either involved in, or used, in the commission of the money-laundering violations pled to, or were used or intended to be used in any manner or part to commit or to facilitate the commission of the drug violations pled to, and are, therefore, subject to forfeiture:

a. Real property located at 756 Saxon Avenue, Akron, Ohio 44314, Permanent Parcel Number: 67-44736 [titled to Deanna D. Bowen with the true owner being ANDREW MEYERS]; and

b. Real property located at 1085 Jason Avenue, Akron, Ohio, Permanent Parcel Number: 67-58553 [titled to Deanna D. Bowen with the true owner being ANDREW MEYERS].

4. By virtue of the foregoing, the United States is entitled to possession of the subject properties pursuant 21 U.S.C. § 853.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The United States is hereby authorized to seize the following properties, and they are hereby forfeited, pursuant to FED. R. CRIM. P. 32.2(b)(2)(A), 21 U.S.C. § 853, and 18 U.S.C. §

982, to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

a. Real property located at 756 Saxon Avenue, Akron, Ohio 44314, Permanent Parcel Number: 67-44736 [titled to Deanna D. Bowen with the true owner being ANDREW MEYERS]; and

b. Real property located at 1085 Jason Avenue, Akron, Ohio, Permanent Parcel Number: 67-58553 [titled to Deanna D. Bowen with the true owner being ANDREW MEYERS].

2. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish, on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this Order, notice of the intent of the United States to dispose of the forfeited properties in such manner as the Attorney General may direct, and notice that any person, other than Defendant Andrew Meyers, having or claiming a legal interest in the forfeited properties, must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of any actual notice, whichever is earlier.

3. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the forfeited properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties, and any additional facts supporting the petitioner's claim and the relief sought.

4. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the forfeited subject properties, as a substitute for published notice as to those persons so notified.

5. Upon adjudication of any and all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

IT IS SO ORDERED this 23rd day of February, 2026.

Christopher A. Boyko

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF OHIO